Wood, C, J.
-The question presented' is one'of evidence. There are.-two' billsóf exception in the.record; but'the same '. principle, precisely, is involved in 'each, and both are, therefore, ' '¡concluded, by a decision-upon either. The .statement of- the' case is extracted from the last bill .of .exceptions'in the record, •■and raises but .a single point: y Did the Court-of Common .'Pleas err in rejecting the 'evidence, offered to "the jury by the .Plaintiff in error?
The casé shows the prosecution had proved,- that the , night ■before the mare was-taken, the. plaintiff'in'error, was . traveling, .in.-a sulky,-with- a .black or dark brown mare, and, at. Saline-ville, Delany bantered him to'buy a flea-bitten grey, which the plaintiff in error claimed to be the identical mare for the stealing of whiph he was" on trial.' : , ■1 . ' .
. The-.St-áío'. -had proved him in the- possession; of course; of the ..one described in tlie indictment, and it became necessary for. the. accused, .'to ’explairi that'.possession, and'was'directly material to the issue beforé -.the jury. To do this, he did not offer his own declarations that hé ,had bought the mare, as one thing inter-alios acta, as'' .the. Court seemed to suppose, but the conversation between both himself and Delany,.by which it was claimed a bargain' and' sale was. completed, and- the ownership ' *285 of the mare transferred to the accused, and his possession, therefore, innocent.
It was the fact that such a contract was made, that was material for the plaintiff in error to prove, and the Court admitted its competency, but ruled against the mode in which it was sought to be established. We think the.Court of Common Pleas erred in rejecting this proof. If it was competent to show a contract of bargain and sale, which would explain the inference of guilt the law raises from possession of. the goods, when a larceny has been committed, and which is undoubted, the best evidence of the agreement was the declarations of the parties to it at the time, for such;declarations constituted the contract itself. When they were proved, the bargain was complete. Such declarations, under such circumstances, are . a part of the res gesta, and equally admissible with any act done. This rule is supported by unquestionable authority. Ros. Crim. Ev. 23, 24 , 1 Phil. Ev. 233; 2 Phil. Ev. (note,) 592.
The judgment and proceedings of the Court of Common Pleas must be reversed, and a new trial directed.